# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LADAWN BURT, | ) | Civil Action No. 2: 17-cv-00721 |
| | ) | |
| Petitioner, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| THE COMMONWEALTH OF | ) | |
| PENNSYLVANIA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Ladawn Burt ("Petitioner"), in which he is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, on July 21, 2010. Respondents have filed their Answer to the Petition (ECF No. 12), in which they argue, *inter alia*, that the Petition is untimely and should be dismissed on that ground. (ECF No. 9). Petitioner filed a timely "traverse." (ECF No. 13). The mater is ripe for disposition.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as untimely, and a certificate of appealability will be denied.

## I.  Procedural History[2]

On July 21, 2010, Petitioner, Ladawn Burt, was sentenced to an aggregate sentence of seventeen (17) to thirty four (34) years incarceration. The Pennsylvania Superior Court affirmed

---

[1.]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 7 and 11.

[2]  The factual background of Burt's criminal case is not relevant to the Court's determination of whether the petition was filed in a timely fashion. However, the factual background may be found in Respondents' Answer. *See* Ans. (ECF No. 12).

Burt's judgment of sentence on September 2, 2011. On February 9, 2012, the Pennsylvania Supreme Court denied Burt's request for a petition for allowance of appeal ("PAA"). Burt did not file a petition for writ of certiorari with the United States Supreme Court. His judgment, therefore, became final ninety (90) days after the PAA was denied. Therefore, Petitioner's clock for AEDPA purposes began to run on May 8, 2012. Under AEDPA, he had one year, or until May 9, 2013, to file a timely federal habeas petition.

On May 2, 2012, Burt filed a timely pro se petition for post-conviction collateral relief under the Post-Conviction Relief Act ("PCRA"). An amended counseled PCRA petition was filed on July 23, 2012. The PCRA court dismissed the PCRA petition on September 10, 2012. Burt appealed and on June 20, 2013, the Superior Court affirmed the PCRA court's judgment. The Pennsylvania Supreme Court denied Burt's PAA on October 31, 2013.

On February 24, 2014, Burt filed a second pro se PCRA petition. On March 26, 2014, the PCRA court dismissed the second PCRA petition as untimely. Burt appealed to Superior Court, and on June 2, 2015, the Superior Court affirmed the lower court's judgment, concluding that the PCRA petition was untimely and, therefore, the lower court did not have jurisdiction to entertain Burt's claims.

Almost two years later, on or about May 10, 2017, Burt filed a pro se petition for writ of habeas corpus in Court of Common Pleas of Allegheny County. On May 12, 2017, the PCRA court dismissed this petition as an untimely third PCRA petition.[3]

On June 2, 2017, Burt submitted the instant petition for writ of habeas corpus. Respondents filed an Answer in which they argue that the petition is untimely by over 2-1/2

---

[3] The Court notes that the third PCRA petition is identical to the instant federal petition for relief under 18 U.S.C. § 2254.

years and Petitioner pleads no exceptional circumstances requiring the tolling of the statute of limitations. Petitioner filed a Traverse; however, instead of explaining why the statute of limitations should be tolled in the case, he largely focuses on the substance and merits of his claims. The matter is ripe for disposition.

## II. Discussion

### A. Timeliness

AEDPA imposes a one-year limitations period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Petitioner's judgment became final on May 8, 2012. Under AEDPA, he needed to file his federal habeas petition within one year of that date, or May 8, 2013. Since Burt did not file the instant petition until more than four years beyond that date, the petition is facially untimely and must be dismissed unless Petitioner can show that the limitations period should be tolled, either statutorily or equitably, or that an alternate date should apply.

3

B.  **Statutory Tolling**

Section 2244(d)(2) provides that "[t]he time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). A properly filed post-conviction petition tolls AEDPA's statute of limitations. *Id.* Burt's first PCRA petition was filed before his AEDPA clock started running; therefore, his one-year time period did not start running until November 3, 2013.

"A state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert,* 552 U.S. 3, 5, (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Because the state courts rejected Burt's second and third PCRA petitions as untimely, he is not entitled to statutory tolling under § 2244(d)(2) for the time he spent litigating these two petitions.[4]

The one-year AEDPA deadline for filing a federal habeas petition expired on November 3, 2014. Yet, Burt filed his federal petition for writ of habeas corpus on June 1, 2017, approximately 2 years, 6 months, and 29 days (or 941 days) after the AEDPA filing deadline.

C.  **Equitable Tolling**

Although AEDPA's statute of limitations is subject to equitable tolling, the Third Circuit Court of Appeals has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces

---

[4] This Court "must defer" to the holdings of the state courts on whether a PCRA petition is untimely. *See Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

4

extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Petitioner has not responded to Respondents' arguments that equitable tolling should not apply in this case. The closest he comes to pleading equitable tolling is found on page 47 of a 100-page Exhibit attached to his Petition, entitled "Summary of the Questions Involved" in which he states:

> (*) IN SUMMARY, THE PETITION IS TIMELY FILED, SHOULD THIS PETITION BE DEEMED UNTIMELY THE RESPONDENT PLEADS THAT HE WAS ABANDONED BY POST-CONVICTION COUNSEL AND ANY UNTIMELESS SHOULD BE EXCUSED. THE RESPONDENT WAS INCARCERATED THROUGHOUT THESE PROCEEDINGS AND HAS BEEN AN INDIGENT PRISONER, AND SHOULD THIS PETITION BE DEEMED UNTIMELY FILED THE RESPONDENT IS PLEADING "ACTUAL INNOCENCE," AND ON THE MERITS IS ENTITLED TO RELIEF IN THE INSTANT HABEAS PETITION.

(ECF No. 3-1 at 47).[5]

---

[5] It is not at all clear that this document was written in support of his federal habeas petition. Rather, it appears that this document was submitted to the appellate court during his PCRA proceedings.

After careful consideration of the submissions of the parties, the Court finds that Petitioner has failed to meet the standards to entitle him to equitable tolling. First, the record belies Petitioner's claim that his post-conviction counsel abandoned him. To the contrary, the record reflects that counsel filed a timely amended post-conviction petition on his behalf, filed a timely appellate brief before the Superior Court on his behalf, and then filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court.

Next, Burt's claim that his untimeliness should be excused because he is indigent and has been incarcerated throughout these proceedings also fails. Petitioner fails to establish a nexus been his being indigent and/or incarcerated and his failure to file a timely federal habeas petition. The Court notes that neither the "abandonment" of counsel, nor indigence and incarceration prevented Burt from litigating his second and third PCRA petitions, including filing a pro se appellate brief after his second PCRA petition was dismissed.

For all these reasons, the Court finds that Petitioner fails to demonstrate extraordinary circumstances to justify equitable tolling and, as a result, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case.[6]

## III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial

---

[6] Because Petitioner has failed to demonstrate that some extraordinary circumstance prevented him from timely filing his federal habeas petition, it is not necessary for the Court to examine whether Petitioner pursued his rights diligently. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently <u>and</u> (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) (internal quotation marks omitted).

showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness. A certificate of appealability will be denied. A separate Order follows.

DATED: November 21, 2017

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: LADAWN BURT
JQ7110
PO Box 945
Marienville, PA 16239
(via First Class U.S. Mail)

Daniel A. Vernacchio
Office of the District Attorney
(via ECF electronic notification)